# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

FREDERICK ANDREW MORRIS,

Plaintiff,

v. Case No. 24-cv-1464

JAY HOWARTH,

Defendant.

## ORDER

Plaintiff Frederick Andrew Morris, who is currently incarcerated at Green Bay Correctional Institution, brings this lawsuit under 42 U.S.C. § 1983. (ECF No. 1.) Morris was allowed to proceed on an Eighth Amendment excessive force claim against Defendant Jay Howarth. (ECF No. 19.) The parties have consented to the jurisdiction of a magistrate judge. (ECF Nos. 5, 23.) On June 17, 2026, the court granted Morris's motion for an evidentiary hearing because a factual dispute existed on whether he exhausted his administrative remedies. (ECF No. 53.) That issue resolved shortly thereafter when the defendants withdrew their motion for summary judgment based on exhaustion. (*See* ECF Nos. 60, 61). Now pending before the court is Morris's motion for reconsideration of the screening order and motion for sanctions. (ECF Nos. 55, 62.)

First, the court will deny Morris's motion for reconsideration. Motions for reconsideration are disfavored and rarely granted. *See Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted). A motion for reconsideration "is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996) (citing *In Re Oil Spill*, 794 F. Supp. 261, 267 (N.D. Ill. 1992)). Rather, a motion for reconsideration serves the limited function of correcting manifest errors of law or fact or presenting newly discovered evidence. *Id.* at 1269 (citing *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill. 1982)). "A 'manifest error' is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quoting *Sedrak v. Callahan*, 987 F. Supp. 1063, 1069 (N.D. Ill. 1997)).

Here, Morris has not presented any compelling reason for the court to reconsider the court's screening order. Morris argues that the court should have included a state law claim for assault and battery based on his general indication that he wished to proceed on state law claims. While Morris's factual allegations could support a claim on this basis, declining to exercise supplemental jurisdiction over a state law claim is not a manifest error of law. Further, the timing of Morris's motion weighs against reconsideration because it was filed nearly a year after the screening

order and the issue of exhaustion has already been addressed. The court will therefore deny Morris's motion for reconsideration.

Second, the court will deny Morris's motion for sanctions. Morris alleges retaliatory conduct of prison staff interfering with mail that is unrelated to the excessive force claim in this case. Morris may certainly notify the court if he has difficulty meeting the deadlines in this case because of prison mailing issues. However, to the extent that he wishes to bring new claims against new defendants, Morris must bring those claims in a separate case. The court will therefore deny Morris's motion for sanctions.

Finally, the court will issue new deadlines for this case in light of the recent resolution of the exhaustion issue. Discovery must now be completed on or before **January 21, 2027** and dispositive motions must be filed on or before **February 22, 2027**.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Morris's motion for reconsideration (ECF No. 55) is **DENIED.**

**IT IS FURTHER ORDERED** that Morris's motion for sanctions (ECF No. 62) is **DENIED**.

**IT IS FURTHER ORDERED** that discovery must be completed on or before **January 21, 2027** and dispositive motions must be filed on or before **February 22, 2027**.

Dated in Milwaukee, Wisconsin this 2nd day of September, 2026.

STEPHEN DRIES
United States Magistrate Judge